Alexander H. Hunter v. Commissioner. Marjorie G. Hunter v. Commissioner.
Hunter v. Commissioner
Docket Nos. 27231, 27232.
United States Tax Court
1951 Tax Ct. Memo LEXIS 283; 10 T.C.M. (CCH) 298; T.C.M. (RIA) 51086; March 26, 1951
Alexander H. Hunter, Esq., for the petitioners. Edwin P. Friedberg, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax for 1945 and 1946 in the amounts of $2,044.85 and $2,136.70 in the case of Alexander and $735.14 and $758.23 in the case of Marjorie. The issues are whether the petitioners sustained a loss in 1945 from the sale of property which they had formerly occupied as a residence but which they converted into rental property in 1940; whether *284 they sustained a loss in 1946 as a result of a fire which destroyed a part of a building which they owned; and the proper rate of depreciation on the latter building after the fire. Findings of Fact The petitioners, husband and wife, filed separate income tax returns for 1945 and 1946 with the collector of internal revenue for the twenty-third district of Pennsylvania. The petitioners purchased a property in Sewickley, Pennsylvania, in April 1929 and thereafter occupied it as a residence until October 1, 1940. They moved out of the property at that time and converted it into a rental property. The fair market value of the property at the time it was converted from a residence to a business property in 1940 was $37,500 and the adjusted cost of the property at that time was not less than $37,500. The petitioners sold the property on March 15, 1945 for $21,250 which left them, after expenses of the sale, $20,388.85 as the amount realized by them from the sale. The depreciation on the property during the time it was rented was in the amount of $3,678.13. The petitioners realized a loss from the sale of $13,433.02. It was not a capital loss. The petitioners purchased a business *285 property in Wilkinsburg, Pennsylvania, on April 9, 1942 for $90,000. A two-story brick building containing ten storerooms and ten apartments was on the property. The building was partially destroyed by fire on March 9, 1946. Depreciation was claimed and allowed on the building up to the time of the fire in the total amount of $8,328, based upon $54,000 of the cost being allocable to the building, and the remaining life of the building from the date of purchase being 25 years. The petitioners had fire insurance on the building at the time of the fire, and after the fire $45,962.57 was collected on those policies. That money was paid to contractors employed to repair the damage caused by the fire. The petitioners, in addition, were required to pay $6,468.21 over and above the proceeds of the fire insurance policies to complete the repair work following the fire. The useful life of that building after the repairs required by the fire was not greater than its useful life had been prior to the fire. The Commissioner, in determining the deficiencies, disallowed the loss claimed by the petitioners on their return based upon the sale of their former residence in Sewickley, disallowed *286 a loss claimed as a result of the destruction by fire of a part of the Wilkinsburg building, and disallowed a part of the deduction claimed on that building for depreciation for 1946. The stipulation of facts filed by the parties is incorporated herein by this reference. Opinion MURDOCK, Judge: The Commissioner, in discussing the loss on the former residence property, states in his brief "The parties agree that the property was converted on December 1, 1940. The question presented to the Court, simply stated, is - what was the fair market value of the petitioners' residence on December 1, 1940?" The Commissioner relies chiefly on the 1945 sale as the best evidence of record of the December 1940 value. A finding has been made that the fair market value of the property at the time of conversion was $37,500. That finding resulted from careful consideration of all of the evidence, including the opinions of three real estate agents and Alexander H. Hunter, a petitioner. Their opinions of value range from $35,000 to $40,000. The next question is whether the petitioners sustained any deductible loss as a result of the fire which destroyed a part of their building in Wilkinsburg. The *287 evidence shows that their adjusted basis for the entire building was somewhat less than the amount of insurance which they received as a result of the destruction by fire of a part of a building. Thus, there was no loss which was not compensated for by insurance within the meaning of section 23 (e). ; ; , affirmed , certiorari denied ; , affirmed , certiorari denied . The petitioner relies upon and also upon section 151 (d), (e) of the Revenue Act of 1942 amending section 112 (f) as authority for the proposition that those cases are no longer the law. The case and the amendment referred to do not affect the law as stated in the cases cited. The evidence shows that the life of the building in Wilkinsburg was not prolonged as a result of the repairs following the fire and depreciation should be allowed at the rate of 4 per cent which was used and *288 approved prior to the fire. Decisions will be entered under Rule 50.